# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**DIALYSIS ACCESS CENTER, LLC, <u>et al.</u>**

    **Plaintiffs,**

    **v.**

**RMS LIFELINE, INC.**

    **Defendant.**

**CIVIL NO. 13-1796 (PAD)**

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

    Plaintiffs Dialysis Access Center, Dr. Justo González-Trápaga and his wife Nancy Roig-Flores initiated this action to vacate an arbitration award issued in favor of defendant, RMS Lifeline, Inc.[1] The matter was referred to U.S. Magistrate Judge Camille L. Vélez-Rivé, who issued a Report and Recommendation ("R&R") recommending that the petition to vacate be denied and the arbitration award be affirmed (Docket No. 38).[2] Plaintiffs filed several objections to the R&R (Docket No. 41). Defendant responded to the objections (Docket No. 44).[3] For the reasons that follow, the R&R is ADOPTED *in toto* and the case dismissed.

## I.    REFERRAL

    A district court may refer a pending motion to a magistrate judge for a report and recommendation. <u>See</u>, 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any

---

[1] Dr. Alfredo Ramirez-Justiniano and Dr. José Colón-Rivera – physicians and minority shareholders of Dialysis Access Center – were initially included by RMS in the arbitration proceeding. During the proceeding, however, RMS settled with both physicians (Docket No. 20-1 at p. 4, n.5). So the arbitration award challenged here does not include them as parties.

[2] As the U.S. Magistrate Judge observed in the R&R, this challenge is the latest in a long battle between the parties over services rendered pursuant to an agreement to develop, build, and operate a center for renal disease patients in Mayagüez, Puerto Rico. <u>See</u>, <u>Dialysis Access Center, LLC, *et al.*</u> v. <u>RMS Lifeline, Inc.</u>, ISCI2010-00537; <u>Dialysis Access Center, LLC, *et al.*</u> v. <u>RMS Lifeline, Inc.</u>, Civil No. 10-1382 (GAG); <u>Dialysis Access Center, LLC, *et al.*</u> v. <u>RMS Lifeline, Inc.</u>, 638 F.3d 367, 371 (1st Cir. 2011).

[3] The parties' submissions include over 1,000 pages.

party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1).

A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarria v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005)(citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

## II.     THE REPORT AND RECOMMENDATION

After a thorough analysis, the Magistrate Judge concluded that the Management Services Agreement at issue is clear and unambiguous; the arbitrator could not use parole evidence of RMS's pre and post alleged conduct; he validly considered both the weight and relevance of the evidence and the credibility of the witness; and the damages awarded are supported by the record and applicable law (Docket No. 38 at pp. 13-20).[4] In consequence, the Magistrate Judge recommended that plaintiffs' petition be denied. Id. at p. 20.

## III.     THE OBJECTIONS

### A. Plaintiffs' Objection to Report and Recommendation (Docket No. 41) and RMS's Response (Docket No. 44).

Plaintiffs' objection is somewhat confusing and repetitive (Docket No. 41). Basically, they claim that the Magistrate Judge erred in (i) finding that the petition to vacate the award must be denied without holding a hearing "as required by the local statute" and using the wrong standard

---

[4] Careful review of the challenged award confirms that the arbitrator considered the parties' respective claims, the evidence and briefs (which included pre and post hearing submissions addressing numerous issues before him). He issued an extensive and thorough award which followed a final hearing over the course of five (5) sessions, and provided seven (7) reasons as to why, even considering plaintiffs' extrinsic evidence, his decision would stand (Docket No. 20-1 at pp. 13-16)(discussing all reasons).

of review in this "diversity action" (Docket No. 41 at pp. 1, 5-8);" (ii) not considering the totality of their claims (id. at pp. 1, 8-10); and (iii) ignoring RMS's "underdeveloped opposing arguments and defenses" (id. at pp. 2, 10-11). The court is not persuaded.

First, the Puerto Rico Arbitration Act ("PRAA"), P.R. Laws Ann. tit. 32 § 3222, does not require a hearing before considering a petition to modify or vacate an award.[5] Along this line, plaintiffs requested a post-memoranda hearing in their reply ". . . to allow this Honorable Court to clarify any pending issues or inquires before the resolution of this matter" (Docket No. 29 at p. 18). As there were no pending issues in need of clarification – and plaintiffs had been granted ample opportunity to brief the issues (see, Docket Nos. 16, 18, 20, 21, 25, 28 and 30) – the court referred their petition to the Magistrate Judge for a Report and Recommendation. Nothing else was warranted.

Second, plaintiffs take issue with the Federal Arbitration Act ("FAA"), claiming that under the PRAA and Puerto Rico law they would prevail. But they do not explain why that is so. In their complaint, brief and reply, they invoke Section 10(a)(3) of the FAA in support of their request to vacate the award. See, Docket No. 1, Sections VI.A and VI.B and VII (so requesting); Docket

---

[5] Article 22 of the PRAA provides that "[i]n any of the following cases the court *may*, on petition of any of the parties and upon notice and hearing, *issue an order reversing the award*:
    (a) When it was obtained through corruption, fraud or other improper means.
    (b) When there was evident bias or corruption on the part of the referees or any of them.
    (c) When the referees are in error in refusing to postpone the hearing after just cause therefor was shown, or in refusing to hear relevant and material evidence on the dispute, or when they commit any other error impairing the rights of any of the parties.
    (d) When the referees go beyond their function or when the award made does not finally and definitively decide the dispute submitted.
    (e) If there was no submission or valid arbitration agreement and the proceedings were initiated without having served the notice of the intent to arbitrate, as provided in § 3211 of this title, or the motion to compel arbitratio n, as provided in subsection (1) of § 3204 of this title.
In case an award is reversed, the court may, in its discretion, order a new hearing, before the same referees or before new referees to be selected in the manner provided for in the agreement for the selection of original referees, and any provision limiting the term within which the referees may arrive at a decision, shall be considered applicable to the new arbitration and to begin from the date of the court order." (emphasis added). None of the circumstances warranting modification of the award is present here.

No. 21 and Docket No. 29.[6] And they admit that the grounds to vacate an award under the PRAA do *not* conflict with those of the FAA (Docket No. 29 at p. 5). Moreover, given the similarities between the FAA and PRAA with respect to the grounds for vacating or modifying an award, consideration of plaintiffs' challenges to the award under FAA or PRAA would only confirm that plaintiffs' petition must be denied. See, Ortiz-Espinosa v. BBVA Security of Puerto Rico, Inc., 2015 WL 12828169, *3 & n.9 and cases cited therein (D.P.R. Dec.17, 2015), aff'd, 852 F.3d 36 (1st Cir. 2017)(discussing similarities between the PRAA and the FAA in concluding that vacating or modifying award was not warranted under FAA or PRAA).

Third, plaintiffs allege in a general manner without any record reference that the Magistrate Judge completely disregarded their arguments, refusing to consider how the arbitrator exceeded his powers when he chose not to follow Puerto Rico law (Docket No. 41 at p. 9). To this end, they include a recitation of Section 10(a)(3) of the FAA. But the Magistrate Judge examined the contention that the arbitrator failed to follow the law, correctly concluding that plaintiffs' disagreement with the arbitrator's conclusion is no basis for vacating the award (Docket No. 38 at pp. 12, 17-20).

## IV. CONCLUSION

An independent, thorough, *de novo* examination of the entire record shows that the Magistrate Judge's findings and conclusion are well supported. Therefore, the court hereby ADOPTS the R&R, and DENIES plaintiffs' petition to vacate the award. Judgment shall be entered accordingly.

---

[6] See, Dialysis Access Center, LLC, *et al.*, 638 F.3d at 370 (noting the parties agreed that the arbitration clause in this case is subject to the provisions of the FAA).

**SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of August, 2017.

                                                              s/Pedro A. Delgado-Hernández
                                                              PEDRO A. DELGADO-HERNÁNDEZ
                                                              United States District Judge